# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ERIC GRANDBERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:11-cv-1290-TWP-DML |
| | ) | |
| CITY OF INDIANAPOLIS, MARION COUNTY PROSECUTOR'S OFFICE, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**Entry Dismissing Insufficient Claims
and Directing Further Proceedings**

**I.**

The plaintiff's request to substitute the City of Indianapolis as a defendant in place of the Indianapolis Metropolitan Police Department [Dkt. 17] is **granted.** *The Indianapolis Metropolitan Police Department is **terminated** as a defendant. The City of Indianapolis is **added** as a defendant.*

**II.**

**A.**

Eric Grandberry is currently serving a sentence imposed in 49G20-0608-FA-164431 for dealing in cocaine or narcotic drug. This conduct is criminalized by IND. CODE ' 35-48-4-1.

In this civil action, Grandberry seeks a declaratory judgment finding that IND. CODE ' 35-48-4-1 is unconstitutional on its face and as applied by the City of Indianapolis and the Marion County Prosecutor's Office because the provision has the effect of "taking the citizenship, voting rights, and contract rights of plaintiff, similarly situated black males, or other minorities who live in disproportionately lower-income

neighborhoods and reside in disproportionately democratic precincts." Dkt. 1-1 at pp. 7-8. Grandberry seeks money damages and an injunction prohibiting the enforcement of § 35-48-4-1. Grandberry alleges that his conviction pursuant to § 35-48-4-1 violates the Ex Post Facto Clause and Double Jeopardy Clause of the United States Constitution. His claims are brought pursuant to 42 U.S.C. § 1983.

**B.**

Grandberry's complaint is subject to screening pursuant to 28 U.S.C. ' 1915A. Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

To satisfy the notice-pleading requirements of Federal Rule of Civil Procedure 8(a)(2), a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "A complaint must always . . . allege ›enough facts to state a claim to relief that is plausible on its face." *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). In addition, although the requirements of notice pleading are minimal, when a plaintiff Apleads facts that show his suit is . . . without merit, he has pleaded himself out of court.@ *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994).

**C.**

Grandberry challenges the constitutionality of the state law which criminalizes the conduct for which he is currently incarcerated. This would impugn the validity of his continued confinement. This triggers the rule of *Heck v. Humphrey,* 512 U.S. 477 (1994). Where "success in a . . . [42 U.S.C. §] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close,* 540 U.S. 749, 751 (2004) (citing to *Heck*). "[U]nder *Heck,* a § 1983 claim for damages is not cognizable (*i.e.* does not accrue) if a judgment in favor of the plaintiff on that claim 'would necessarily imply the invalidity of [the plaintiff's] conviction or sentence.'" *Snodderly v. R.U.F.F. Drug Enforcement Task Force,* 239 F.3d 892, 896-97 (7th Cir. 2001)(citing *Heck,* 512 U.S. at 487). *Heck* requires the potential plaintiff to wait until his conviction is nullified before bringing suit." *Id.*; *see also Apampa v. Layng,* 157 F.3d 1103, 1105 (7th Cir. 1999). These same principles require the same disposition here. Accordingly, any claim challenging the constitutionality of IND. CODE § 35-48-4-1 and any claim challenging the manner in which that statute is employed is dismissed.

As to Grandberry's prayer for injunctive relief, he does not allege that he is currently facing a prosecution based on IND. CODE § 35-48-4-1. His complaint does not show how the requested injunctive relief would benefit him. In short, he lacks standing to seek injunctive relief as to the State of Indiana's use of IND. CODE § 35-48-4-1 and that claim is dismissed.

**III.**

No partial final judgment shall issue at this time as to the claim(s) resolved in this Entry.

Grandberry shall have **through November 22, 2011,** in which to identify any claim not dismissed in Part II.C of this Entry.

The date by which the defendants shall have to file their answers or other responsive pleadings to the complaint is **extended until further order.**

**IT IS SO ORDERED.**

Date: 11/02/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Eric Grandberry
No. 146430
Putnamville Correctional Facility
1946 West U.S. Highway 40
Greencastle, IN 46135

Jennifer Lynn Haley
jhaley@indy.gov

Justin F. Roebel
jroebel@indygov.org

Adam Clay
Adam.Clay@atg.in.gov

Betsy M. Isenberg
Betsy.Isenberg@atg.in.gov